### BEDELL v. MALLOY.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

PHYSICIANS AND SURGEONS ⬉24—ACTIONS FOR SERVICES—WEIGHT AND SUFFICIENCY OF EVIDENCE.

In a physician's action for a balance due for professional services, evidence *held* to show a balance due him of $10, as claimed by him.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 53–62; Dec. Dig. ⬉24.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles E. Bedell against William P. Malloy. From a judgment in favor of defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Gustave A. Cymberg, of New York City, for appellant.
F. J. Bischoff, of New York City, for respondent.

GUY, J. The plaintiff, a practicing physician, sued the defendant for an alleged balance due him for professional services. It was admitted by the defendant upon the trial that he had visited the defendant 123 times; that the charge for each visit was, by arrangement with the plaintiff, fixed at the sum of $2 per visit. It was conceded by plaintiff that $236 had been paid him, leaving a balance of $10 due. It is true that the defendant testified that, "I believe in all I have paid him around $290," but he could give no reason for such belief. He also testified that, when he ceased visiting the plaintiff's office, he "thought he owed him probably $10 or $15." He said that it ran along about a year, and then he got a bill for $60, upon which he paid plaintiff $50, and upon consultation with his employers, to whom the plaintiff had written letters, was told by them that "they considered the bill was well paid." This·is corroborative of the plaintiff's claim that there was still due and owing him the sum of $10, and there was no testimony from which it could be reasonably said that plaintiff's bill was incorrect. The plaintiff should therefore have had a judgment for $10.

Judgment reversed, and judgment directed in favor of the plaintiff for $10, without costs of this appeal to either party. All concur.